Christy v. Sherman, et al.

*M. D. & W. H. McHenry* for the appellee, cited *Kramer* v. *Rebman,* 9 Iowa 114; *Scott* v. *Simeral,* Ib. 388; *Tomlinson* v. *Funston,* 1 G. Greene 545.

BALDWIN, J.—The plaintiff in his petition asks for a judgment against Henry Koons, for the amount due on a promissory note, and also represents that the said Henry and his wife, Jane, gave to plaintiff their mortgage upon certain real estate, which is described in the petition, to secure said note, and asks that an execution may issue on such judgment against said land, "according to law, in such cases made and provided."

The cause was submitted to the court upon the pleadings and proofs, and the court rendered a judgment against Henry Koons for the amount due on the note, and ordered a foreclosure of the equity of redemption of the said "Koons" in said real estate. The petition does not ask for a foreclosure of the equity of redemption of the defendants in the mortgaged premises. It is sufficient for the court to grant such relief when prayed for. There is nothing asked for in said petition that addresses itself to the chancery jurisdiction of the court.

The decree of the court does not affect the equities of Jane Koons in said premises. It finds a judgment against Henry Koons, and forecloses the interest of said "Koons" in said premises. The judgment of the court as against Henry Koons is affirmed, and reversed as to that portion which forecloses the equity of redemption of defendants.

---

CHRISTY v. SHERMAN, *et al.*[1]

1. COPARTNERSHIP: CONFESSION OF JUDGMENT. A confession of judgment

---

1. The judgment below, in *Christy* v. *Easley & Willingham, The Same* v. *Easley, Yulee et al., The Same* v. *Easley et al., The Same* v. *Miles White,* were affirmed without formal opinions, the court following this case in each of them.

against a firm by one partner thereof, without the consent or concurrence of his copartners, is of no validity as against the firm; and the levy of an execution issued thereon upon copartnership property may be perpetually enjoined.

*Appeal from Boone District Court.*

SATURDAY, OCTOBER 6.

*C. C. Nourse* for the appellant.

*John A. Kasson* for the appellee.

LOWE, C. J.—On the 11th day of May, 1856, the plaintiff and one Albert Griffee formed a partnership in the butchering business. As such they carried on their business till the 19th of March, 1858, holding and possessing divers pieces of property. On the day last named, Griffee filed a written statement under oath in relation to the nature and character of the indebtedness of the firm of Christy & Griffee to Hoyt Sherman, and confessed a judgment before the Clerk of the District Court of Polk county in vacation, for the sum of $208.44, with interest and costs, &c. On this judgment an execution issued immediately, and the property of the firm was levied upon and advertised for sale on the 3d of April, 1858. The plaintiff enjoined, claiming that the confession of this judgment was without his knowledge or consent; that his partner had no power to make such confession; that the judgment was illegal and void; that the debt had been paid, &c. &c.

The cause was afterwards transferred by change of venue to Boone county. On the hearing of the cause there the court by its judgment made the injunction perpetual as against the property of the firm, leaving the judgment creditor to prosecute his judgment to satisfaction against the individual property of Griffee.

The cause is hereby appealed from this decision. No brief or argument of counsel is found among the papers, nor does the record disclose upon what ground the court below made

its decision.   But we suppose it was upon the well known ground, that one partner has no right to alienate or encumber by lien or make any material change in the condition of the common and permanent property of the firm without the consent of his partners; that to confess a judgment which shall bind the firm or its property is not within the delegated powers granted by the firm to any one of its members, without the concurrence of the others, and is outside of the bounds of those authorities and acts that belong to the ordinary and due discharge of the partnership business.

Believing that the Code has made no change in the law of partnerships in this respect we must affirm the judgment of the court below.

Judgment affirmed.

## YOUNG v. BROWN.

1. PRACTICE.   When in an action on a joint and several promissory note the defendants answer severally, the plaintiff may discontinue as to one defendant without discharging the other.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

*T. E. Brown, pro se.*

I. The plaintiff by bringing his action against both of the makers of the note elected to treat it as a joint obligation, 3 Cow. 374, and in an action on a joint contract he must recover against all of the defendants or none. *Greenough, Cook & Co.* v. *Shelden,* 9 Iowa 503; *Morrison* v. *Stoner,* 7 Ib. 493.

II. If the plea is one that might inure to the benefit of all the other defendants, then the plaintiff cannot withdraw his suit as to the defendant filing the same.   3 Cow. 374;