## NORTH & SCOTT v. MUDGE & CO.

1. CONFESSION OF JUDGMENT AGAINST A FIRM. A confession of judgment by one member of a copartnership, for the firm, is valid only against the copartner making it.

2. MERGER. When a demand of an inferior degree is changed into one of a higher character the former is merged into the latter.

3. SAME: COPARTNERSHIP. A judgment against one partner upon a demand against the firm, is a bar to another action upon the same demand against the firm.

*Appeal from Wapello District Court.*

WEDNESDAY, JUNE 26.

THE facts are stated in the opinion of the court.

*Clinton and Nourse* for the appellant.

A confession of judgment by one partner, in the name of the firm, without the consent of his copartners, is valid against the party making the confession. *Crane* v. *French,* 1 Wend., 312; *McBride* v. *Hagen & Barrett,* Id., 326; *Green* v. *Beals,* 3 Caines, 254. The judgment against Mudge was a complete bar to another suit against the firm. *Robertson* v. *Smith,* 18 John., 459; *Sloo* v. *Lea,* 18 Ohio, 279; *Smith* v. *Black,* 9 S. & R., 142; *Mann* v. *McNutty,* 2 Gilm., 353; *Moal* v. *Hollins,* 11 Gill & John., 11; *Warf* v. *Johnson & Thomas,* 13 Mass., 148; *Taylor* v. *Claypool,* 5 Blackf., 537; *Thornton* v. *Thompson,* 15 Ills., 416.

*Knapp & Caldwell* for the appellee.

LOWE, J.[1] On the 11th day of October, 1852, the defendants, A. Mudge & Co., made and delivered their promissory note to the order of plaintiffs, for the sum of

[1] BALDWIN, C. J., being related to one of the defendants, took no part in the determination of this cause.

$836.50, payable six months after date. Prior to the 12th day of August, 1854, credits to the amount of $256.50 were entered upon said note. On the day last named, plaintiffs procured A. Mudge, one of the members of the firm of A. Mudge & Co., to confess a judgment of $638.50, in vacation, against said firm, in favor of the plaintiffs, upon a sworn statement of facts of the transaction out of which the indebtedness arose. This confession of said judgment was duly entered of record by the clerk of the court, and subsequently approved by the District Court.

In March, 1859, the plaintiffs commenced this suit on the same note against the defendants. They plead, in bar to a second recovery on said note, the foregoing judgment; that it was confessed on the same note, and on no other cause of action; that said judgment is still in full force and effect, unreversed or uncanceled.

The plaintiffs reply, that said judgment is void; that A. Mudge had no authority to confess it; that said confession purports to be upon an account, and not upon the note; that it is materially defective, and under it the clerk had no authority to enter judgment against defendant, &c.

The cause was tried by the court; on hearing, the plaintiffs introduced in evidence the note sued upon, and rested. The defendants offered in evidence the confession of judgment above described, together with the oral testimony of A. Mudge, of the firm of A. Mudge & Co., who testified that at the request of one Driver, agent of the plaintiffs, he gave and executed the confession of judgment alluded to, that the confession was for the balance due on the identical note now sued upon, that said note had been originally given for the price of certain goods, wares and merchandise, purchased by the firm of A. Mudge & Co., of the plaintiffs; that it was present at the time, and constituted the foundation of the confession.

S. W. Summers was also introduced by the defendants, as a witness, who testified that the note sued on was for some time in his custody, that he subsequently gave the note up to one Driver, the agent of the plaintiffs, who afterwards stated to him that a judgment had been confessed by A. Mudge & Co., on the same note, but expressed some dissatisfaction with said confession. This was the substance of the testimony offered by the defendants, which the court ruled out as inadmissible, holding that the said judgment by confession was void, and constituted no bar to plaintiffs right to recover in this action.

The exclusion of this testimony was made the ground of exception, and appeal to this court. The correctness of this ruling is not apparent to us, nor are the reasons for it disclosed in the bill of exceptions.

The sworn statement of facts out of which the indebtedness arose, with the *cognovit* upon which the judgment was entered, seem to be substantially sufficient under the decision we made in the case of *Vanfleet* v. *Phillips*, 11 Iowa, 559.

That it is void as against the defendant Baldwin, we have held in the case of *Christy* v. *Sherman et al.*, 10 Iowa, 535. In the same case we held, however, that the judgment was good and binding on the party or partner confessing the same. We will now refer to other authorities, not only to show that such judgment is not void against the party confessing, but that the contract debt, upon which such confession was made, is merged in the judgment so that it cannot become the subject of another cause of action.

The general doctrine is, that if a demand of an inferior degree is changed into one of a higher character, the former is merged in the latter, upon which the party must alone rely. Thus the merger of a simple contract debt in a judgment, or debt of record, is made a familiar example in the books. We will refer to a few of the many adjudi-

cated cases, to show the incorrectness of the ruling below in this case.

In *Sloo* v. *Lee*, 18 Ohio, 279, it was held that a judgment against one of two partners, upon a joint promise, is a bar to a subsequent suit against both of the partners.

In *Robertson* v. *Smith et al.*, 18 Johnson, 428, a firm, consisting of four persons, made two notes in their partnership name. A judgment was recovered on the notes against the two ostensible partners. The judgment not being paid, a second suit was brought on the notes against the four partners, one of whom only being served with process, and who was not in the first, pleaded in bar the recovery against the two, and it was sustained.

In *Smith* v. *Black*, 9 Serg. & Rawle, 142, a judgment recovered against one partner is a bar to a subsequent suit against both, though the new defendant was a dormant partner at the time of the contract, and was not discovered until after the judgment. A similar decision was made in *Moole* v. *Hollis*, 11 Gill & John., 11.

In 2 Gilman, 355, it was held that a judgment against one member of a firm for a debt due from the firm constitutes a bar to a recovery against the other members. The same general principle, or rule of practice, is laid down in the following cases: *Robertson* v. *Smith*, 18 John., 459; *Wood* v. *Johnson & Thomas*, 13 Mass., 148; *Thornton* v. *Thompson*, 15 Ill., 416; *Taylor* v. *Claypool*, 5 Blackf., 537; *King and another* v. *Hoor*, 13 Meeson & Welsby, 474; *Tropton* v. *The United States*, 3 Story C. C. R., 646.

We have but little hesitation in concluding that the court below erred in ruling out the defendants' evidence, and the judgment will, therefore, be reversed, and the cause remanded.

Reversed.