## SHERMAN V. CHRISTY AND EASLEY V. CHRISTY.

I. Per LOWE, J., WRIGHT, Ch. J., and DILLON, J., concurring.

1. Promissory note: FIRM: CONFESSION OF JUDGMENT. C., a member of the firm of C. & G., executed for the firm promissory notes running as follows: "We and each, as principal, jointly and severally promise," &c., to which was signed the name of the firm. Upon these, G. confessed a judgment against the firm, which was held in another proceeding to bind him alone. In an action against C. upon the notes it was held:

1. That the notes bound C. severally as well as jointly; that they bound G. jointly only as a member of the firm.

2. That the confession of judgment thereon bound G. alone.

3. That the notes, being several as to C., were not merged in the judgment which bound G. alone; and that an action against C. severally could be maintained thereon.

## II. Per COLE, J., dissenting.

2. —— A promissory note executed in the name of a firm, in the transaction of firm business, is a joint and not a several note; notwithstanding it is recited upon the face thereof that it is executed jointly and severally, and a several action against one of the partners cannot be maintained thereon.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 25.

THE questions presented in these cases are identical. They are actions upon notes in the following form:

$366$\frac{28}{100}$.　　FORT DES MOINES, IOWA, *Dec. 21st*, 1857.

Fifteen days after date, we each, as principal, jointly and severally promise to pay to the order of Hoyt Sherman & Co., three hundred and sixty-six $\frac{28}{100}$ dollars, with interest at — per cent, value received, payable at the banking house of Hoyt, Sherman & Co. We agree the holders may enforce, delay, or extend the payment of this note, without affecting our liability thereon.

　　　　　　　　(Signed)　　CHRISTY & GRIFFE.

The other note is for $1,404.94, dated 19th December, 1857, and in its form and execution precisely similar to the one just set forth. At the time these notes were given, the makers thereof were partners. They were executed by Christy, the party now sued. It farther appears from the pleadings, and facts reported by the referee, that heretofore the partner Griffe confessed a judgment in vacation on these notes, the other partner not concurring therein. On appeal to this court (see *Christy* v. *Sherman et al.*, 10 Iowa, 535), it was held that the judgments had no force as against Christy, but that they were valid as to Griffe. In these actions, the question presented is, were these notes so merged in the judgments by confession that an action cannot be maintained on them against Christy? The court below held affirmatively, and the plaintiffs appeal.

*Casady & Polk* for the appellants.

*S. V. White* for the appellee.

LOWE, J. —In the case of *North & Scott* v. *Mudge & Co.*, 13 Iowa, 496, the facts were quite different. The party

1. PROMIS-
SORY NOTE:
firm: con-
fession of
judgment.
executing the note, which was joint, both upon its face and in its execution, was the one which confessed the judgment: afterwards the other copartner was sued upon the contract. We held that he was not liable, because the note was joint, and not joint and several, and being turned into a judgment, which was a demand of a higher degree, the contract was merged. With this decision we are still content. The cases at bar differ from that, in this: The notes sued are clearly on their face several as well as joint; the party sued is the one who executed them; and whilst he could not execute such instrument so as to be binding on his copartner in his several capacity, as he could not confess a judgment on a firm note, which would bind his partner, yet, if such a confession would be good and valid against himself, we see no reason why he may not make a several contract in the name of the firm, on which he alone shall be individually responsible. In reason and common sense, the principle involved in the one cannot be essentially different in the other. We all understand that the responsibility of partners is joint, and that one partner has no right or power to bind his copartner in a several contract so that he can be separately sued; but does it follow from this that one partner executing a firm note may not, if he choose, so execute it as to make himself separately liable? Why not? With what principle does it interfere? It is true an individual creditor may demand that the judgment, when obtained in such case, shall be satisfied out of the firm property, if the enforcement of said judgment is likely to interfere with his rights. And so a firm creditor may insist upon the same thing, if there should be but little individual property and a sufficiency of partnership effects. But whilst the two classes of creditors may thus protect themselves, as they often have to do, through the aid of courts, it does not follow that the defendant can take shelter under their

rights and ignore a responsibility which he has voluntarily, yet unnecessarily, if you please, incurred.

To illustrate once more. On these notes, Griffe, the other partner, confessed a judgment, not against himself alone, but in the name and against the firm. Now, we have made a judicial determination upon the legal effect of this act, and we have said that it was only effectual against the party confessing. If, then, one partner does incur a separate liability in confessing a judgment on a firm note, by mere implication of law, why may not the other partner, by an express covenant to that effect, incur a similar responsibility for himself. If not, the writer of this opinion is unfortunate in not being able to distinguish the difference in principle between the two cases, except that he thinks the liability arising from the express contract is more reasonable, obvious and just than the one fixed upon the party from reason, analogy or mere implication of law.

We conclude, therefore, that it is competent for one partner to execute a firm note in such way as to render himself separately liable thereon; and when he has done so, as in the case at bar, and the other partner confesses a judgment on the same instrument, the contract is not carried into the judgment so confessed, so far as the defendant is concerned, but a separate action may be maintained thereon against him, being the party who signed the firm's name to said note. If, however, the party executing such joint and several note, had confessed a judgment on the same, it would not follow that a separate suit could be maintained on said note against the other partner, for the reason it was not competent to fix upon him, without his consent, a separate liability. The case, in that aspect of it, would fall within the rule laid down in the case of *North & Scott* v. *Mudge & Co.*, *supra*. In support of the principle intended to be settled by this opinion, we refer to the case of *Snow* v. *Howard*, 35 Barb. S. C. R., 55, where the same question

under a like state of facts arose, and was similarly determined. We also cite the case of *Sheehy* v. *Mandeville*, 6 Cranch, 253, where MARSHALL, Ch. J., substantially held, that the doctrine of merger applies only to a case in which the original declaration or judgment was in a joint covenant. But it may be said that in this case the execution of the note sued is in the name of the firm alone, and not by their individual names, and that this joint execution thereof will control the body of the note and determine the character of the paper, whether it be joint or several. In this proposition we cannot concur. The note in question was upon its face several as well as joint. We see no reason why the partner signing such a note may not be held liable, upon the same principle that he would be liable upon a note joint, both by its terms and signature, but given for a consideration that was personal and outside of the firm business. In the latter case, the partners signing the firm name has been held to be liable on the note, which his copartner would be discharged; for the reason that he will not be allowed to take advantage of his own malfeasance, by claiming that the instrument is void for want of power to execute it for a purpose personal and individual. *Livingston* v. *Hostic*, 2 Caines, 246; *Laverty and Gantley* v. *Burr & Baldwin*, 1 Wend., 529; *Parker* v. *Jackson*, 16 Barb., 33; *Doty* v. *Bates and Handy*, 11 Johns., 544; *Dob & Dob* v. *Halsey*, 16 Johns., 34.

Judgment below                                        Reversed.


COLE, J., *dissenting.* — I do not concur in the foregoing opinion. In my view of the case, the partnership signature binds but one individuality, and the language of the body of the note does not destroy the oneness of the obligor, or dissolve it into the elemental parts. Under our law, partnerships are *quasi* corporations, and may sue and be sued in their partnership name. If a corporation,

composed of two or more persons, should, by one of its members, affix its corporate name to a note like the one sued on, under the principle settled by the majority opinion, such corporation would be severally liable. In other words, the party which executes the instrument, is not only liable on it, but other parties who have not executed it are liable. The decision as announced by the majority opinion, makes Christy one partner, liable severally, and Griffe, the other partner, liable jointly, both under the same signature. This, to my mind, is alike inconsistent with both law and reason. It is said that where a partner signs a firm name to a note given outside the scope of the partnership business, he alone is liable thereon, and is, therefore, severally liable; and it is deduced therefrom that one partner may bind himself individually by affixing the partnership name. The cases cited in the majority opinion do not show expressly that such partner is liable *on the note*, but he is alone liable upon the original contract. His liability does not arise upon the firm signature, but outside of it. I presume an examination of the records in each case cited, would develop the fact that the common counts were embraced in the declaration as well as the note, and failing to prove the cause of action under the latter, a recovery was had under the common counts. In other cases, it is possible the partner thus wrongfully using the firm name, was held to be estopped from availing himself of his own wrongful act, to defeat the plaintiff's recovery as against him. But in this case, the partner who signed the note, had authority, by reason of the partnership, to sign the same and bind the firm thereby; but he had no authority to bind the members of the firm severally, and this being a matter of law was as well known to plaintiffs as to defendant, and the doctrine of *estoppel* could not, therefore, apply. By placing my construction upon the note, the whole matter is easily disposed of; the note is

signed by the firm name as one individuality, whereby, like any other single person, it is bound jointly and severally. If another person had signed the note with the firm, (as was doubtless intended) such other person would have been bound jointly and severally with the firm; not with the members of the firm.

In this view the partner acted within his known authority, and the plaintiff's good faith is not impugned. But by the construction given to the note by the majority, the partner is made to do an illegal act — certainly that which he had no authority to do; the plaintiff is a party to the attempted wrong, thus by evincing his bad faith; the paradox of two persons bound by the same instrument and signature — one, jointly only, and the other jointly and severally — and the further act of converting one signature into two is effectuated. It is further, said, that if one partner may bind himself severally by confessing a judgment in the firm name, as he certainly may, that *a fortiori* he may do so, by signing the firm name to a note like the one in suit. There are, however, in my mind, two cogent reasons why such position is untenable: *First*. The partner, as such, has *no authority* to confess a judgment in the name of the firm, while he has authority to sign such name to the note in suit. *Second*. A judgment, when confessed properly by a firm, becomes, outside of any statutory regulation, a several liability of the members of the firm, and may be enforced against their separate and individual property. The case of *Snow* v. *Howard*, 5 Barb. S. C. R., 55, cited in the majority opinion, is the decision of an inferior court, and erroneously reviews and in effect overrules a former decision of the Supreme Court of that State, made in the case of *Van Tine* v. *Crane et al.*, 1 Wendell, 524, which is in accordance with the well settled rules of the common and commercial law. I think the conclusion reached in this case by the majority, is an abandonment

of those well settled rules, and while it may in this particular case, give more nearly abstract justice to the parties, it will, I fear, become a dangerous precedent. I have, therefore, felt constrained to dissent, and in accordance with the requirements of the statute, have hurriedly written out some of the grounds and reasons therefor.

I think the judgment should be

Affirmed.