## HALE v. VAN SAUN & HUNT.

18    19
d110 312

1. **Appearance:** WAIVER. A voluntary appearance by a defendant waives defects in the service of notice.

2. **Jurisdiction:** SERVICE ON FIRM. A service of notice on one partner in an action against the firm, after dissolution, confers upon the court jurisdiction to render a judgment against the firm, to be satisfied out of the joint property, or out of the property of the party served.

*Appeal from Blackhawk District Court.*

FRIDAY, DECEMBER 16.

THE facts are stated in the opinion of the court.

*Powers* for the appellants.

*Poor* for the appellee.

LOWE, J.—The plaintiff, the last indorsee, sues the defendants, his immediate indorsers, on a bill of exchange for $250, which was drawn on the Metropolitan Bank, New York, by Edward L. Tinkham & Co., in favor of Wayne & Walkup, who indorsed the same to defendants and they to plaintiff.

The cause was tried by the court alone, which, without finding any facts, rendered judgment for the plaintiff on the bill. During the trial no exceptions were taken to the action or ruling of the court upon any matter connected therewith, till the decision upon the merits was announced, when exceptions to the same were taken. But this being to the general conclusion at which the court had arrived upon the whole case, as made before it, raised no specific question for our determination, aside from the general merits of the case. A motion, however, for a new trial was submitted and the overruling of same was excepted to, and so far as the assignments of error are founded upon this ruling we will now consider.

*First.* It is said the defendants are sued as a firm, that only Van Saun was served with notice, and that, after the 1. APPEAR-dissolution of the same. The answer is, that if ANCE: waiver. the other partner was not served, he nevertheless appeared by counsel, the defense pleaded being clearly in the plural; and the bill of exceptions further shows that he was actually in court pressing the granting of the new trial.

But if he did not, in fact, appear as stated in the bill of exceptions, nevertheless we are of the opinion, that a 2. JURIS-service upon one member of the firm after dissolu-DICTION: service tion, if sued as partners, would be sufficient to on firm. give to the court jurisdiction of the parties, so far as to authorize a judgment against the firm as such, to be satisfied out of the joint property, or the separate property of the partner served.

*Second.* It is said, the court allowed evidence to be given of the want of funds in the hands of the drawee. If this was error, it is enough to say, that it was done without any objection from the defense and with their acquiescence.

*Third.* Again, it is claimed that the court erred in holding that the want of funds in the hands of the drawee excused the delay of presentment and want of notice of non-payment.

There is nothing in the record to show that the court so held, or gave any reason whatever for the judgment that was rendered. For all that we can tell from the record the decision may have been entirely based upon other grounds.

*Fourth.* Lastly, it is stated that there was laches on the part of the plaintiff in not presenting the bill for payment sooner, and there is not sufficient evidence of notice of non-payment.

It is doubtful whether the rules of the commercial law should be strictly applied under the facts as disclosed in

the evidence in this case. Van Saun himself testifies that his firm was indebted to the plaintiff, who lived at Butler Centre, in a different county; that, because of this indebtedness, they sent to him by private hand said bill of exchange; that after a month or so he returned it, and wanted the defendants to take it back, which they refused; he then wanted the witness to send it on to New York for presentment, which he consented to do, and sent it to his correspondent in that city, and by due course of mail he says he received it back with the protest attached, whereupon he forwarded it by mail to plaintiff.

From this evidence it appears that the bill of exchange was indorsed and sent to plaintiff without his knowledge or procurement; when he received it, the evidence entirely fails to show; it may not have been for weeks afterwards. It also fails to show that he consented to accept it as payment or even collateral security for his debt. On the other hand the evidence tends to show that he did not then agree to take it, but returned it with a request that Van Saun would take it back. This Van Saun refused. Then the plaintiff requested that he would send it on to New York for presentation and payment, which he consented to do, and did as the agent of plaintiff. Now, up to this time no laches is affirmatively shown. If any occurred after this time, the defendants were parties thereto and have no right to complain. Indeed, the whole transaction was as much for the accommodation of the defendants as the plaintiff.

As to the sufficiency of the notice under the facts as stated, we have no doubt. This substantially covers all the errors complained of, and the judgment will be affirmed.

Affirmed.