## NEWLON v. HEATON.

1. **Partnership:** LIABILITY AFTER DISSOLUTION: JURISDICTION. Service upon one member of the firm, after dissolution, confers jurisdiction to render a judgment which may be satisfied from the partnership property or the individual property of the partner served; but such service confers no jurisdiction over the partner not served, by which a judgment can be rendered subjecting his property to liability.

2. ——: ——: ——. Where a judgment is rendered against a firm, after its dissolution, and the court has jurisdiction of but one of the partners, the partner not served with notice is not chargeable with negligence, rendering him liable upon the judgment to an innocent purchaser, if he has failed to have the record corrected.

*Appeal from Clarke Circuit Court.*

TUESDAY, APRIL 4.

THIS is an action against Jester Hedge and Wm. Heaton, upon a judgment of the District Court of Polk County, rendered in 1859 against a partnership under the name of Hedge & Heaton. It appears from the petition and the exhibits attached, that the original action in the Polk District Court was founded on a promissory note, signed "Hedge & Heaton by Robert Hedge." Judgment was taken against the partnership, and this suit is brought against the members thereof, claiming judgment against them individually.

The defendant, William Heaton, answers in substance as follows:

1. That September 13, 1859, one William Bradshaw, plaintiff's assignor, recovered judgment in the Polk District Court against Hedge & Heaton, and this present action was commenced October 21, 1873, and brought on said judgment.

2. That on and prior to February 24, 1857, the defendants herein were doing business together as land agents, under the name of Hedge & Heaton, Jester Hedge, one of the firm, residing in Des Moines, Iowa, the place of business of the firm, and William Heaton, the other member, residing in Pennsylvania. That on the 24th day of February, 1857, said

firm name of Hedge & Heaton was signed to a promissory note at Des Moines, Iowa, by one Robert Hedge, claiming to be an agent of said firm. That this defendant never knew of said note until twelve or thirteen years after its execution, and did not then know that Robert Hedge was an agent of said firm, or had any authority to use its name, and now claims such authority and agency did not exist.

3. That on July 3, 1857, the said partnership was dissolved, and notice thereof published in due form of law. That said note was assigned to one Bradshaw, assignor of plaintiff herein, who brought suit thereon in December, 1859, in the Polk District Court, while this defendant was still a resident of Pennsylvania. That no notice of said suit was ever served upon him in any manner. That he had no knowledge of the existence of said note, or the suit thereon, for ten or eleven years after the judgment thereon. Defendant admits service of notice of said action was had on the defendant, Jester Hedge, as shown by the sheriff's return, which is as follows:

"I, D. B. Spalding, sheriff, received this notice on the 8th day of December, 1857, and on the same day served the same on Jester Hedge, he being the within named Hedge of the firm of Hedge & Heaton, by reading to him personally and delivering to him a copy of said notice. The within named W. H. Hervey not found in my bailiwick.

D. B. SPALDING, *Sheriff*."

Defendant admits that an answer was filed in said action by parties styling themselves "Brown & Elwood, attorneys for Hedge & Heaton," but this defendant says he never in any manner authorized said parties to appear or answer for him; that he never knew of their so doing until some ten years after the rendition of the judgment. He further denies that he ever authorized Jester Hedge or any other person to employ attorneys for him, and that he never at any time or in any manner made any appearance in said action.

4. That at the time of the rendition of the judgment sued on, the District Court of Polk County had no jurisdiction over him.

To this answer there was a demurrer, the substance of which is, that said answer presents no defense, for the reason that it shows that notice of said action was duly served upon one member of the firm, *i. e.*, Jester Hedge, who was the business manager of said firm, and shows he appeared and employed attorneys and made defense to said action, all of which said Hedge had authority to do, and by either one of said several acts the court obtained jurisdiction of said firm. As another cause for demurrer, it is stated that the defendant by his laches has lost any right he had to defend against said judgment. Demurrer overruled. Plaintiff excepts and appeals.

*Ruby & Murray* and *Stuart Bros.*, for appellant.

A partnership cannot be dissolved in such manner as to cut off the rights of existing creditors. ( *Western Stage Co. v. Walker*, 2 Iowa, 504; *Kemp v. Coffin*, 3 G. Greene, 190.) A member of the partnership after dissolution is authorized to defend in the name of the firm a suit against it. (*Gard v. Clark*, 29 Iowa, 189.) A member of the firm cannot go behind the judgment and attack the cause of action on which it rests. (*Barker v. Cleveland*, 19 Mich., 230.) If a party is guilty of laches or unreasonable delay in the assertion of his rights, he thereby forfeits them. ( *Williams v. Allison*, 33 Iowa, 278; *Macomber v. Peck*, 39 Id., 351; *Bryant v. Wilson*, 21 Id., 329.) In an action on a domestic judgment rendered upon an unauthorized appearance of an attorney, the defendant cannot plead the attorney's want of authority to appear for him. (*St. Albans v. Bush*, 4 Vt., 58; *Holbert v. Montgomery*, 5 Dana, 11.) The action of debt lies upon the judgment of a superior or inferior court. (1 Chitty's Pleading, 111.) The party may proceed in debt or *scire facias* if the action rests upon a record. (1 Chitty's Pleading, 103; *Dennison v. Williams*, 4 Conn., 402; *Hale v. Angel*, 20 Johns., 342; *Albin v. The People*, 46 Ill., 372; *Gardner v. Henry*, 5 Cald., 458.) A party is not confined to proceeding by *scire facias* to recover a judgment, but may bring an

action to recover the amount due on the judgment as upon any other demand. (*Haven & Bush v. Baldwin*, 5 Iowa, 503; *Carver v Crandall*, 10 Id., 377; *Thompson v. Lee Co.*, 22 Id., 206.) An action may be maintained upon a judgment rendered against a firm. (*Simpson v. Cochran & Cherrie*, 23 Iowa, 81.) The note being merged in the judgment, the only right of action was an action on the judgment and that could be maintained against either of defendants. (*North & Scott v. Mudge & Co.*, 13 Iowa, 496; *Sherman v. Christy*, 17 Id., 322.) A judgment is a contract of record, which could not be impaired by legislative act. (*Farm. & Mech. Bank v. Mather*, 30 Iowa, 283; *Simpson v. Cochran & Cherrie*, 23 Id., 82; *Morse v. Tappan*, 3 Gray, 411; *Stuart v. Sanders*, 16 Cal., 372; *Halloway v. Sherman*, 12 Iowa, 282; *Weaver v. Sapley*, 43 Ala., 224.)

*McCaughan & Dabney*, for appellee.

One partner cannot, either before or after dissolution, confess a judgment which will bind the other. (*Morgan v. Richardson*, 16 Mo., 409; *North & Scott v. Mudge & Co.*, 13 Iowa, 496; *Christy v. Sherman*, 10 Id., 535.) Service of a writ on one partner, after dissolution, does not authorize judgment against the other. (*Faver v. Briggs*, 18 Ala., 478; *Mitchell v. Rich*, 1 Ala., 228; *Duncan v. Tombechee Bank*, 4 Porter (Ala.), 181; *Ingraham v. Goldemaster*, 2 Cal., 89; *Phelps v. Bremer*, 9 Cush., 390; *Stephens v. Parkhurst & Pence*, 10 Iowa, 71.) Service upon one member of the firm after dissolution will authorize a judgment against the firm as such, to be satisfied out of their joint property, or the property of the partner sued. (*Hale v. Van Saun & Hunt*, 18 Iowa, 20.) The proceeding to subject private property to the payment of firm debts is by *scire facias*. (*Lewis & Bro. v. Young & Co.*, 11 Iowa, 153; *Davis & Co. v. Buchanan & Bone*, 15 Id., 575.) The assignee of a judgment stands in no better position than his assignor. (*Preston v. Turner*, 36 Iowa, 671; *Hunt v. Sheets & Russell*, 14 Id., 322; *Burtis v. Cook & Sargent*, 16 Id., 194; *Ballenger v. Tarbell*, 16 Id., 491; *Isett & Brewster v. Lucas*, 17 Id., 503.)

ROTHROCK, J.—There are other causes for demurrer stated, but, as the arguments of counsel are principally directed to those above set forth, and as in our opinion the case must be decided upon the question as to the jurisdiction of the person of the defendant, William Heaton, it is unnecessary to make a further statement of the case.

To recapitulate briefly—William Heaton was a resident of Pennsylvania, and Jester Hedge a resident of Des Moines, Iowa. They were doing business as partners under the name of Hedge & Heaton, as land agents, at the latter place. The firm was duly dissolved on the 3d day of July, 1857. On the 8th day of December, 1857, a suit was commenced on the promissory note above mentioned, in the District Court of Polk county, against Hedge & Heaton, and service of the original notice had on Hedge alone. The defendant, Heaton, knew nothing of the note, or suit, or of any appearance therein, for some ten years after the judgment was rendered thereon.

The first question for our decision is, did the District Court of Polk county have such jurisdiction of the person of defendant Heaton, that the judgment is conclusive against him? It is true that such service would be good as against the partnership, so far as the partnership property was concerned. The law in allowing a partnership to be sued by name, without setting out the individual members, recognizes in the partnership a person distinct from the members, and a service upon one member after dissolution is sufficient so far as to authorize a judgment against the firm as such, to be satisfied out of the joint property, or the separate property of the partner served. *Hale v. Van Saun et al.*, 18 Iowa, 19. If, however, after dissolution of the partnership, a suit be brought and service had on only one of two partners, no jurisdiction is acquired of the person of the partner not served, and the judgment as to him is void, and cannot be made the basis of an action to subject his individual property to its payment.

The partner served, after a dissolution, cannot implicate his co-partner in suits brought against the firm, by voluntarily

1 PARTNER-
SHIP: liabil-
ity after dis-
solution.

appearing for him, or employing counsel for him. *Hall v. Lowing*, Sup. Court U. S., October Term, 1875; and see *Stephens v. Parkhurst & Price*, 10 Iowa, 71.

II.   It is claimed that the defendant's answer shows that he knew of this judgment several years before this suit was brought, and made no effort to have it canceled, but permitted it to remain of record, thus by his negligence permitting plaintiff, an innocent purchaser, to acquire title thereto.   We hold this judgment to be void, as against this defendant personally, and we are unable to see how it can be made valid by his permitting it to remain of record, and besides the petition shows that plaintiff purchased it in 1863, years before its existence was known by the defendant, as shown by the answer.

2. ——: ——. ——.

As the foregoing disposes of the case, it is unnecessary to examine the further points made in the arguments of counsel.

AFFIRMED.