HARFORD, THAYER & CO. v. STREET.

1. **Partnership**: JUDGMENT AGAINST: SERVICE UPON MEMBER. Service upon one member of the firm, after dissolution, confers jurisdiction to render a judgment which may be satisfied out of the partnership property, or the individual property of the member served, but confers no jurisdiction of a partner not served.

2. ————: MERGER. A judgment having been obtained upon a promissory note, the note became merged in the judgment and could not afterwards be made a cause of action.

3. ————: STATUTE OF LIMITATIONS. Letters written by a partner recognizing the existence of a judgment against the firm after it is barred by the statute of limitations, will not revive the judgment against him, when he was not originally liable by reason of the dissolution of the firm before the judgment was rendered.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 4.

THIS action was commenced on the 25th day of March, 1876. On the 21st day of December, 1876, plaintiffs filed a substituted petition. The first count of this petition in substance alleges that in September, 1856, the defendant was a member of the firm of D. Earle & Co., and that on the 18th day of September, 1856, D. Earle & Co. executed to plaintiffs their promissory note for the sum of $638.85, due six months after date, with interest from maturity at the rate of ten per cent per annum; that on the 24th day of May, 1869, 20th day of April, and 24th day of June, 1875, the defendant in writing admitted the indebtedness to be due, and promised and agreed to pay the same.

The second count alleges that on the 9th day of December, 1858, plaintiffs, upon due and sufficient notice, recovered judgment against the firm of D. Earle & Co., in the Marion District Court, for the sum of $750.49, with interest at the rate of ten per cent per annum and costs. The petition alleges that the note and judgment are unpaid, and prays judgment in the sum of $2,000.

The answer pleads the statute of limitations to the note and alleges that the plaintiffs obtained judgment thereon in the District Court of Marion county against the firm of D. Earle & Co., and that plaintiffs' cause of action has been formerly adjudicated. In answer to the second count of the petition the defendant alleges that at the time of the rendition of the judgment sued on defendant was not a member of the firm of D. Earle & Co., and defendant was never served with notice of the pendency of said suit. The evidence shows that the firm of D. Earle & Co. was dissolved in the spring of 1857, and that the judgment sued on was rendered by default on the 17th day of February, 1859, upon a notice served by reading to D. Earle, one of the members of the firm of D. Earle & Co., on the 18th day of January, 1858. The cause was tried by the court, and judgment was rendered against the plaintiffs for costs. To remove the bar of the statute plaintiffs rely upon certain letters written by defendant. The plaintiffs appeal.

*J. F. Lacey*, for appellants.

*Williams & McMillen*, for appellee.

DAY, CH. J.—I. No action can be maintained upon the note. In addition to the fact that it has long been barred by the statute of limitations, the evidence shows that a judgment was rendered thereon against the firm of D. Earle & Co., upon service of original notice on D. Earle, a member of the firm when the note was executed. This judgment is valid, and may be satisfied out of the firm property or the individual property of D. Earle. *Hale v. Van Saun & Hunt*, 18 Iowa, 19; *Newlon v. Heaton*, 42 Iowa, 593. The note sued on became merged in this judgment, under the law in force when the judgment was rendered, and it cannot now be the subject of a cause of action. *North & Scott v. Mudge & Co.*, 13 Iowa, 496, and cases cited.

Even if it should be conceded that the letters written by defendant remove the bar of the statute of limitations, they do not affect the merger.

II. No action can be maintained against this defendant on

*1. PARTNER-SHIP: judgment: service upon member.*

the judgment. The firm of D. Earle & Co. was dissolved 3. ———: stat- before the action upon which the judgment was ute of limita- tions. recovered was commenced. Service of notice upon D. Earle did not authorize a judgment against this defendant, and it is not binding upon him. See *Newlon v. Heaton*, 42 Iowa, 593. It is claimed that the letters written by defendant, in which he recognizes the existence of the judgment, and sought to effect some compromise respecting its payment, estop him from denying its validity. It does not, however, appear that plaintiffs in any way relied upon these letters, or that they were induced thereby to do any act to their prejudice. No element of estoppel exists. The judgment is

AFFIRMED.

SEEVERS, J., took no part in the decision of this cause.