Opinion by
Will-son, J.
§ 116. Waiver of citation; warrant of attorney to confess judgment; confession of judgment by attorney; affidavit on confession of judgment. Suit on the following note and warrant of attorney appended thereto, to wit:
“$366.46. Crockett, Texas, April 3, 1882.
“ On the first day of October, 1882, after date, we promise to pay to the order of T. Eatto & Co. in Galveston, Texas, three hundred and sixty-six dollars, with interest from April 3, 1882, until paid, at the rate of ten per cent, per annum.
(Signed) “ J. F. & E. A. Ludiker.”
“Crockett, Texas, April 3, 1882.
“ In case of the non-payment of the above note at maturity, we hereby authorize any licensed attorney at law to appear for us in court, and to accept service, waive process, confess judgment, and consent to immediate issue of execution, in favor of the legal holder- of said note, against us, for the amount of said note and interest, with ten per cent, attorney’s fees additional.
(Signed) “ J. F. & E. A. Ludiker.”
Plaintiff’s petition set out in full the foregoing written instrument, and alleged that the said indebtedness was due and unpaid, and said petition was accompanied by the following affidavit, to wit:
“The State of Texas, County of Galveston.
“Jas. B. Stubbs, attorney of .the plaintiffs, being duly sworn, deposes and says that he has read the foregoing petition, and that the substantial allegations therein contained are true, and that the cause of action therein stated is just,” to which is appended the jurat of the proper officer that it was sworn to and subscribed before him by the affiant. Following the petition and affidavit in the *107 record, we find an appearance and confession of judgment by plaintiffs in error, by an attorney, in these words:
“Now comes O. S. Eaton, an attorney at law of this court, and by virtue of the power of attorney filed herewith appears for the defendants J. F. & E. A. Ludiker, and confesses judgment, and waives service and process in favor of T. Ratto & Co. for the sum of four hundred and twenty-eight A/V ($428.40) against said defendants, and agrees that execution issue at once on the judgment.
(Signed) “ O. S. Eaton, Att’y, ” etc.
Thereupon the court entered a judgment by confession against defendants in favor of plaintiffs for the sum of $428.40 and for interest and costs, reciting in said judgment the appearance of defendants by their attorney in fact, and also setting out said warrant of attorney hereinbefore quoted. Said judgment was rendered and entered against the firm of J. F. & E. A. Ludiker and also against the members of said firm individually. From, this judgment this writ of error is prosecuted.
At a former day of this term we affirmed the judgment of the court below'without writing an opinion. Counsel for plaintiffs in error move for a rehearing, accompanying their motion by a very able written argument, in which they contend that we have misapprehended the law of the case.
It is insisted by them, earnestly and cogently, that the warrant of attorney, while it might authoi'ize an attorney to waive service of process and confess judgment so as to bind the firm of J. F. & E. A. Ludiker, did not, and could not, authorize a judgment against plaintiffs in error in their individual capacity. This is the important question in the case.
Article 1240 of the Revised Statutes provides that “the defendant may accept service of any process, or waive the issuance of service thereof, by a written memorandum signed by him or by his duly authorized agent or attorney, and filed among the papers of the cause; and such waiver or acceptance shall have the same force and effect *108 as if the citation had been issued and served as provided by law.”
In this case the objection urged is, that the warrant of attorney was executed by the firm, and not by the individuals composing the firm, and was therefore only valid against, and intended only to be binding upon, the firm. We confess that the question as to the extent of the authority conferred by the warrant of attorney is, to our minds, one not altogether free from difficulty and doubt; and we agree with counsel for plaintiffs in error, that it is one of much importance in our practice.
We think it must be conceded that the note and warrant of attorney were executed by the firm of J. F. & E. A. Ludiker in the firm name, and not as individuals. That the note created an obligation both against the firm and the individuals composing the firm, there can be no doubt. It was not only a charge upon the partnership property, but upon the individual property of each member of the firm.
But it is well settled that one member of a firm has no authority to bind his copartners by a confession of judgment without their consent. [Chisty v. Sherman, 10 Iowa, 535; Edwards v. Pitzer, 12 id. 607; North v. Mudge, 13 id. 496; Crane v. French, 1 Wend. 311; Barlow v. Reno, 1 Blackf. (Ind.) 252; Everson v. Gehrman, 1 Abb. Pr. Rep. 167; Shedd v. Bank, etc. 32 Vt. 709; Remington v. Cummings, 5 Wis. 138; Freeman on Judgments, § 545, and cases there cited.] If, then, one partner cannot bind his copartners by a confession of judgment, in a direct manner, can he do so indirectly, by conferring upon an agent or attorney a power which he does not himself possess? We are of the opinion that he could not.
"What facts, however, have we in this record to show that the warrant of attorney was not executed when each member of the firm was present and consenting thereto? Why may it not in fact have been the joint act of each member of the firm, although executed in the firm name? *109 In the case of Bissell & Carville v. Carville & Co. 6 Ala. 503, where this precise question was raised, the court said: “ The execution of the letter of attorney, in the firm name, is no objection to the authority which it confers; for, from anything appearing to the contrary, both the defendants may have been present, and if both did not actually execute it, yet they may have adopted it as their joint act.” If the principle above announced is correct, and we think it is, then we must presume in favor of the judgment, in the absence of any proof to the contrary, that the warrant of attorney was the joint act of each partner and binding upon each. It would then follow as a necessary result, that, under and by virtue of the power therein conferred, the attorney had authority to waive the issuance and service of process for each of the partners, and they would be bound by his act in so doing.
March 5, 1884.
If, then, the attorney had authority to waive process and service thereof so as to bind each member of the firm, and did in fact make such waiver, and the record shows that he did, under our statute which we have quoted, such waiver had the same force and effect as if citation had been issued and served upon each defendant. [Flanagan v. Bruner, 10 Tex. 257.]
If wre are correct in these positions, the other question presented, as to the sufficiency of the affidavit of the justice of the demand sued upon, becomes immaterial. Defendants having, in effect, been served with citation, it is well settled that an affidavit of the justice of the plaintiff’s debt was not essential to the validity of the judgment by confession. [W. & W. Con. Rep. § 797.]
Affirmed.