2  207
f159 102

REVIS *v.* LAMME & BROTHES.

Parties are bound to set out their names. Lamme & Brothers is not a proper description of the plaintiffs.

ERROR from the Boone Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

Lamme & Brothers brought their action of debt before a Justice of the Peace on a note made by the defendant to one Mark Revis, and assigned by him to Lamme & (208) Brothers, by the name of Lamme & Brothers, and by no other name. The summons is to answer to Lamme & Brothers. The plaintiffs before the Justice had judgment, and the defendant appealed to the Circuit Court. When the cause came into the Circuit Court, the appellant moved the Court to reverse the judgment and to quash the summons, because the names of the plaintiffs were not given; which motion the Court overruled, and gave judgment for costs. The appellees then moved the Court to dismiss the cause from the docket, because, as they alledged, the judgment before the Justice was rendered by default, and, therefore, no appeal could lie till the party had first moved the Justice for a new trial, which was not done. The Court sustained this motion, and dismissed the cause, and gave judgment generally in the case for costs. As to the last motion, it will be enough to say, that the record does not show that the judgment before the Justice was by default. The last motion was predicated on a fact not supported by the record. So that no question can arise as to the propriety of the appeal.

The case being dismissed, we will not order it to be reinstated. Where the proceedings are by writ of error, a mandamus would no doubt be an appropriate remedy. See the case of Chambers *v.* Astor, 1 *Missouri Rep.* 327. But here there is a judgment for costs, and a motion to quash proceedings has been overruled. These things are fit subjects for a writ of error to operate on.

The only point arising out of the case is, did the Court err in refusing to quash the summons and proceedings? This Court is well satisfied that the Court erred on this point. The law requires that the parties should set out their names. If the suit had been in the name of Lamme & Co., it would clearly have been bad; and in this case it is as bad, if not worse. Lamme & Brothers is no proper description of the plaintiffs.

The judgment of the Circuit Court, so far as that Court refused to quash the summons and proceedings had before the Justice, and so far as respects the costs, is reversed. The plaintiff in error recovers the costs of the writ of error.