42 163
93 393

## WYMAN, MOSES & CO. *vs.* STEWART, GARNISHEE.

[GARNISHMENT ON JUDGMENT.]

1. *Judgment against firm name, and garnishment thereon; what property may be subjected by.*—A creditor, who brings his suit against a firm, in conformity to the provisions of § 2142 of the Code, (Rev. Code, § 2538,) and proceeds to judgment against the "common name," has no authority to run an execution against the individual property of one of the associates, but only against the joint property of all ; and for a like reason, when such creditor has elected to bring his suit against the firm, or common name, he can not by process of garnishment, subject the individual property of one of the associates to the satisfaction of the judgment.

2. *Complaint and judgment decisive of the character of a suit.*—In the original suit the summons was against E. M. D. and J. W. R., partners, under the name and style of E. M. D. & Co., but the complaint and judgment were both in form, against E. M. D. & Co., and the acknowledgment of service of the summons and complaint was by E. M. D. & Co.,—*held*, that the suit was against the common name, E. M. D. & Co.

3. *Garnishee's answer must conform to the writ.*—A garnishee, being summoned to answer what he was indebted to the firm of E. M. D. & Co., in his answer, failed to mention or allude to E. M. D. & Co., but answered that he was indebted to J. W. R., whose name did not appear upon the process of garnishment, whereupon he we was forthwith discharged by the court,—*held*, that this was an error, which will reverse the case on appeal.

APPEAL from the Circuit Court of Montgomery.
Tried before HON. GEORGE GOLDTHWAITE.

On the 11th day of January, 1860, James R. Stewart, the appellee, was summoned by process of garnishment, to answer what he was indebted to E. M. Dillard & Co., against whom the appellants, Wyman, Moses, & Co., had recovered a judgment at the June term, 1859, of the circuit court of Montgomery. The writ commenced as follows : "The State of Alabama—To any sheriff greeting : Whereas, W. W. Screws has made affidavit, as required by law, that Wyman, Moses & Co., at the June term, 1859, of the circuit court of Montgomery county, recovered a judgment against E.

*M. Dillard & Co.*, for the sum of" &c.  At the June term, 1860, the garnishee appeared and made his answer, a part of which is as follows:

Wyman, Moses & Co., *vs.* James R. Stewart, garnishee; Julius W. Rast, defendants in execution. } In open court comes the garnishee, and for answer to the writ served upon him in this case, answering 'says,' &c., and proceeds to answer what he was indebted to Julius W. Rast.  At the January term, 1867, of said court, the plaintiff made a motion to amend the writ of garnishment, by inserting after the words, 'recovered a judgment against' the following: "Edward M. Dillard and Julius W. Rast, partners in trade, under the name and style of," and in support of said motion, read in evidence, the record of the judgment and proceedings in the original suit of Wyman, Moses & Co. *vs.* E. M. Dillard & Co., on which judgment said garnishment issued.  The summons was against "Edward M. Dillard and Julius W. Rast, partners, under the name and style of E. M. Dillard & Co," and the complaint was against "E. M. Dillard & Co," and the acknowledgment of service was by "E. M. Dillard & Co."; the judgment also was against the firm name.  The court refused to allow said amendment and discharged the garnishee, and the plaintiffs excepted to the refusal of the court to allow said amendment, and to the order discharging the garnishee, and appealed to this court, and assigned the same as error.

WATTS & TROY, for appellants.
ELMORE, KEYES AND MORRISSETT, *contra.*

BYRD, J.—A partnership may be sued by its style, whether it comprise the names of the partners or not, and the summons served on one of the associates ; and on such service a judgment may be rendered, which will bind the joint property of all the associates, in the same manner as if all had been made defendants, and had been sued upon their joint liability, and served with process.—Code, § 2142.

This statutory provision does not authorize a creditor who brings his suit in conformity to it, and proceeds to

judgment against "the common name," to run an execution against the individual property of one of the associates. Our construction of the statute limits the execution in such a case to "the joint property of all the associates." And upon the analogies of the law, we hold that the creditor, when he elects to bring his suit against the firm or common name, cannot by process of garnishment subject the indi-vidual property of one of the associates to the satisfaction of the judgment. A suit in this form is a creature of the statute, and we are not authorized to extend its provisions by judicial construction. We must confine the parties to the remedy it gives. It would be an anomaly to allow a creditor in such a case to reach the individual property of one of the partners by process of garnishment, when he could not do so by an execution on a judgment rendered against the common name.

The statute clearly gives the judgment a binding effect against "the joint property," and gives none against the property of the several partners. We do not intend to in-timate any opinion of the construction to be given to the word "binds" in the statute, further than to say, that it is limited to the joint property of the partnership.

2. It appears from the bill of exceptions, that the summons in the original suit was against "Edward M. Dillard and Julius W. Rast, partners, under the name and style of E. M. Dillard & Co."; and which was the usual form at common law. But the complaint and judgment are both in form against E. M. Dillard & Co., and the acknowledgment of service of the summons and complaint is by E. M. Dillard & Co.

At common law, if the declaration departed from the writ it was objectionable. But the plaintiff, upon application to the court, *might* be allowed by the court to amend his declaration, so as to conform to the process. But if the parties went to trial without any objection to the departure, the declaration was decisive of the character of the suit, and it could not be aided or varied by anything contained in the writ.

A party might, at common law, issue a writ in his own name as administrator, &c., without subjecting himself to

any valid objection for so doing.—Tidd's Pr. 403. But we know of no authority at common law which authorized a plaintiff to issue a writ against the members of a partnership as such, and then file a declaration against the firm name, and upon a judgment rendered against the firm name, to treat the suit against the members of the firm individually, and run an execution against their individual property.—Tidd's Pr. 402 to 407.

In the case before us, we must hold that the suit is against "the common name," as the complaint and judgment are both against the same; and we conceive that the following decisions sustain this view of the case :—*Marshall et al. v. White,* 8 Por. 551 ; *Crim's Adm'r v. Crawford,* 29 Ala. 623 ; *Ikelheimer v. Chapman, Adm'r,* 32 ib. 676 ; *Davidson & Bradley v. Street & Ferguson,* 34 ib. 125.

3. Upon the principles laid down, the court below did not err in refusing the application of appellants to amend the process of garnishment as proposed.

But we are of opinion that the court erred in discharging the garnishee. He had wholly failed to answer the summons, which required him to answer what he was inindebted to the firm of E. M. Dillard & Co., and not what he was indebted to Julius W. Rast, whose name does not appear upon the process of garnishment. In his answer, he does not mention or allude to E. M. Dillard, or to E. M. Dillard & Co.

We conceive that the answer, although not made a part of the bill of exceptions, nor by any order of court made a part of the record, yet the judgment entry sufficiently refers to and identifies it, to authorize us to treat it as a part of the record, especially when the counsel for appellee have not moved to strike it from the transcript.—*Bostwick & Kirkland v. Beach,* 18 Ala. 80 ; *Lewis v. DeBose & Co.,* 29 Ala. 219.

If it had appeared that the court discharged the garnishee in consequence of the refusal of appellants to proceed further on account of the ruling of the court on the application to amend, then we would have affirmed the judgment of the court. But we think that the bill of exceptions shows, whether truly or not, that the court be-

low overruled the application and discharged the garnishee at the same time, without allowing appellants an opportunity to make any further motion in the cause, and the garnishee has failed to answer whether he was or not indebted to E. M. Dillard & Co.

Reversed and remanded.

JUDGE, J., not sitting.