33  685
87  206

A. J. BURDEN v. J. C. CROSS & CO.

1. A judgment by default in favor of a firm and in the partnership name, without disclosing the names of the several partners, and rendered on a petition defective in the same respect, is erroneous, and will be reversed by this court on writ of error. The defendant had a right to know the name and residences of each of the plaintiffs.

2. In a suit on a note executed by a principal and a surety, (the suretyship being apparent on the face of the note,) it was error, after ineffectual efforts to get service on the principal, to dismiss as to him and take judgment by default against the surety, there being no suggestion that the principal resides beyond the limits of the State, or that he is insolvent. (Paschal's Digest, Article 1449.)

ERROR from Fannin. Tried below before the Hon. Hardin Hart.

The judgment was by default.

*S. A. Roberts* and *Hancock & West,* for the plaintiff in error.

No brief for the defendant in error.

OGDEN, J.—The defendants in error obtained judgment in the district court against the plaintiff in error, on a promissory note executed by J. G. White as principal, and A. J. Burden as security, on which judgment Burden sued out a writ of error, and now asks a revision by the court on account of errors claimed to have been committed in the court below.

There are two errors specified in the assignment fatal to the judgment of the district court, for which it must be reversed. The plaintiffs in the district court sued in their partnership name, without setting out the names of the persons composing the partnership. It is a well settled principle of practice under our law that, with a few exceptions, all parties materially interested in the the subject matter of the suit must be made parties thereto, and the cause at bar does not constitute one of the exceptions.

It could not reasonably be supposed that the plaintiffs did not know the names of the persons composing their own firm, nor that the parties were so numerous that great delay and inconvenience would result, without any adequate benefit, or that any one of them was a citizen of a foreign country, as they allege that they are all citizens of Fannin county, Texas; nor do they assign any other reason for not specifying the names of the parties suing. The defendant had a right to know the names and residence of all the parties at whose suit he was called upon to answer; and a failure to set out, clearly and distinctly, each name composing the firm of J. C. Cross & Co., was an error of which the defendant had a right to complain. It appears from the record that citation was served on Burden, the surety, but that, after two or three ineffectual attempts to get service on White, the principal, the plaintiffs dismissed as to him and took judgment against Burden alone. Article 1449, Paschal's Digest, provides, that "no judgment in any such suit shall be rendered against the indorser or surety, unless judgment is at the same time rendered against the principal, except where the plaintiff dismisses as to the principal, because he resides

beyond the limits of the State, or because he is insolvent." The note sued on shows that plaintiff in error signed the same as surety, and neither of the reasons prescribed by the statute as exceptions was given for dismissing as to the principal. This therefore was error; and for these errors the judgment of the district court is reversed and the cause dismissed.

Reversed and dismissed.