## FITZGERALD ET AL. v. GRIMMELL ET AL.

1. **Justices of the Peace:** JURISDICTION OVER PARTNERSHIP WHERE PARTNERS ARE NOT RESIDENTS OF THE COUNTY: SERVICE OF NOTICE ON. A partnership is a legal entity, known to and recognized by the law, and, for jurisdictional purposes, it may be considered as having a residence in every county in which it does business, though neither partner resides in such county. Consequently, § 3507 of the Code does not deprive a justice of the peace of jurisdiction to render judgment against a partnership doing business in his county, though all the partners reside elsewhere, provided the suit grows out of the business of an agency established within the county, and notice is served upon the agent in charge, as provided by § 2585 of the Code.

ADAMS and REED, J J., *dissenting.*

*Appeal from Decatur Circuit Court.*

WEDNESDAY, JULY 23.

ACTION in equity to enjoin the enforcement of a certain judgment rendered by a justice of the peace. There was a trial to the court, and judgment for the plaintiff. The defendants appeal.

*M. F. Stookey* and *McInitre Bros.*, for appellants.

No appearance for appellees.

SEEVERS, J.—The amount in controversy is less .than one hundred dollars, and the question we are required to determine has been certified by the trial judge, as follows:

" Whether the law confers jurisdiction upon justices of the peace over matters in controversy arising out of the business of a co-partnership, wherein the partners do not reside within the county in which suit is brought, and some of said partners are residents of other counties in the state of Iowa, but have an agency and office for the transaction of the business of the co-partnership within the county in which the suit is brought, and service is had upon the agent of the defendants having the charge of the business out of which the transaction arose."

It is provided by statute that, "where a corporation, company or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." Code, § 2585. That this section applies to suits against a partnership when brought in the district or circuit court must be conceded, and we think it should be further conceded that it applies to such suits when commenced before a justice of the peace, unless there is some other statute which controls and prevents such application; for the provisions of the section are general, and apply to all courts. There being no restrictions, this necessarily follows.

The jurisdiction of justices of the peace, when not specially restricted, is co-extensive with their respective counties, but does not embrace suits for the recovery of money against actual residents of any other county, except on written contracts stipulating for payment at a particular place, in which case suit may be brought in the township where the payment was agreed to be made. Code, § § 3507, 3513.

The record discloses the fact that the suits were brought before the justice of the peace in the township where the office or agency is situated; out of or connected with which

the transaction arose on which the suits were based, but it does not appear that they were based on written contracts.

Section 3516 of the Code provides " that all proceedings prescribed, (for the circuit court,) so far as the same are applicable and not herein changed, shall be pursued in justices' courts. The powers of the court are only as herein enumerated." · This section is found in title 21 of the Code, which consists of a single chapter, and relates to "justices of the peace and their courts." The powers and jurisdiction of justices of the peace are defined and limited in said title. Each title of the Code was separately enacted by the general assembly, and therefore, we think, the words "only as herein enumerated" in the foregoing section refer to the title of the Code of which they form a part, and not to the Code as a whole. Section 3507 forms a part of said title, and the question to be determined is, whether the partnership against which the judgments were rendered was an actual resident of the county in which the justice resided; for, if the partnership was not a resident of that county, it must have been a resident of some other county, and justices of the peace have jurisdiction over actual residents of the county in which the justice resides. That is to say, the defendant in the action must be an actual resident of the county.

· In has been held that the actual residence required by the statute is not precisely the same as domicile, and that a person may be an actual resident of one county and his domicile be in another county. Therefore, if a person "sets up house keeping, with his family, with the design of remaining there until he has completed a certain job of work, he becomes an actual resident of that county within the meaning of the statute in queston." *Fitzgerald v. Arel*, 63 Iowa, 104. But in *Bradley v. Fraser*, 54 Iowa, 289, where a person went to another county to complete a job of work in such county, and took his family with him to board his employes, and for that purpose kept house for a time, and afterward boarded with his family at a hotel, and was so boarding when an action was com-

menced against him before a justice of the peace, it was held that such person was not an actual resident of such county. It therefore follows that a person may be engaged in business in a county, and personally present superintending it, and yet not be an actual resident of such county.

Does the same rule apply to a partnership against whom a suit is brought in the partnership name, and not against the partners as individuals, against whom, individually, no judgment can be rendered. One partner may reside in one county, another partner in some other county, and the only business transacted by the partnership be in still another county. That the partnership may be sued before a justice of the peace in either of the two former counties, if process is served on either partner, cannot, we think, be doubted. Code, § 2553. It follows, therefore, that a partnership, for jurisdictional purposes, in actions brought before a justice of the peace, may be a resident of two counties at the same time. Why may it not, at the same time, be an actual resident of still another county? It seems to us it may be, because it is actually transacting business in such county; and it may not, for business purposes, be an actual resident of any other county, or it may be engaged in business in two or more counties at the same time; and why, for business purposes and the service of process, should not the partnership be regarded as an actual resident of such county in which any business is done, in so far as to allow suits to be brought against it in any of said counties, provided process can be served, so that any judgment that might be rendered would bind the partnership property? And that is what the judgments in question do, and nothing more. These judgments can only be enforced against the partnership property. Code, § 2553.

A partnership, under our statute, is a legal entity, known to and recognized by law. It may sue and be sued, and it must have a residence, and we do not think this must necessarily be at the same place where the partners or either of them

have an actual residence. In our opinion, the foregoing question must be answered in the affirmative.

REVERSED.

ADAMS, J., *dissenting*. Residence, in my opinion, can be predicated only of a person natural or artificial. A partnership, as distinguished from the members composing it, is neither.

Besides, it appears to me that, in any view, the mere fact that a partnership maintains, for the transaction of its business, an established agent in a county where neither partner resides, cannot constitute the partnership a resident of such county. There is no pretense that an individual would become a resident of a county by merely transacting buisness therein through an established agent, and I am not able to see that a different rule should be applied to a partnership.

Mr. Justice REED concurs in this dissent.