## A. B. FRANK ET AL. v. E. C. TATUM.

### No. 88.

1. **Persons—Partnerships.**
It is a general rule that suits can only be maintained against persons, natural or artificial; that is, individuals or corporations. Unless otherwise provided by statute, a copartnership is not considered a person, and must sue or be sued by its partners............................ 205

2. **Suits Against Partnerships—Citation.**
Articles 1224 and 1346 regulating suits against members of partnerships do not invest such firms with any of the characteristics of corporations; nor are they expressly or impliedly authorized to sue or be sued in their firm names independently of their members ................. 206

3. **Parties—Partnerships.**
In suits against partnerships all the members are necessary parties, although service of citation upon one or more is sufficient to support judgment against the firm, and the defendant served................. 206

4. **Same—Dismissal.**
The dismissal of suit against one or more members of the firm operates as a dismissal of the suit against the partnership. Such dismissal leaves the remaining individual member or members to answer as individuals...................................................... 207

5. **Final Judgment.**
After dismissal as to members of all the partnerships named as constituted by the defendants, and upon final trial, judgment was final when disposing of the matters in controversy between the plaintiffs and the remaining defendants. It is not necessary that any entry be made as to the partnerships ............................................... 207

6. **Same.**
Judgment of dismissal is a final judgment from which error to Court of Civil Appeals will lie from Supreme Court .......................... 208

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*C. Upson*, and *Denman & Franklin*, for plaintiffs in error.

*Tarlton & Altgelt*, *John A. & N. O. Green*, and *C. A. Keller*, for defendant in error.

BROWN, Associate Justice.—On June 15, 1882, E. C. Tatum filed a petition in the District Court of Bexar County, alleging as follows: " Now comes E. C. Tatum and complains of Goldfrank, Frank & Co., B. Openheimer & Co., Cohen & Koenigheim, Frank H. Coleman, and F. J. Hamer," etc. The petition further alleged, that defendant "Goldfrank, Frank & Co. is a copartnership composed of Max Goldfrank, Abram B. Frank, Simon Lavenberg and Louis Lavenberg, and that defendant B. Openheimer & Co. is a copartnership composed of Barney Openheimer and Alexander Michael, and defendant Cohen & Koenigheim is a copartnership composed of Adolph M. Cohen and Alexander Koenigheim." The petition closes with a prayer " for citation to Goldfrank, Frank & Co. and service upon A. B. Frank, and for citation for B. Openheimer & Co. and Cohen & Koenigheim, with service upon either member of each firm."

On the 9th day of February, 1885, plaintiff filed an amended original petition, in which he set out the usual formal statement of obtaining leave to amend and that his amendment was in lieu of his original and supplemental petitions, and alleged, "and complaining herein of Max Goldfrank, Abram B. Frank, Simon Lavenberg, Louis Lavenberg, Barney Openheimer, Alexander Michael, Adolph M. Cohen, Alexander Koenigheim, Frank H. Coleman, and F. J. Hamer." It is also alleged that the different firms are composed of the different members just as in the original petition, and closes with substantially the same prayer.

September 5, 1888, plaintiff filed in writing a dismissal as to Simon Lavenberg, Louis Lavenberg, Max Goldfrank, A. M. Cohen, B. Openheimer, and Alexander Koenigheim, having previously dismissed as to F. J. Hamer and Alexander Michael. The dismissal was entered in the minutes of the court, but no entry was made dismissing as to the partnerships in their firm names of Goldfrank, Frank & Co., B. Openheimer & Co., and Cohen & Koenigheim.

Upon trial in the District Court Tatum recovered judgment against A. B. Frank and F. H. Coleman, from which Frank appealed; and the appeal was dismissed by the Court of Civil Appeals because the judgment entered in the District Court is not a final judgment, for the reason that no disposition was made of the partnerships Goldfrank, Frank & Co., B. Openheimer & Co., and Cohen & Koenigheim, and especially of Goldfrank, Frank & Co.

It is a general rule, that suits in courts can only be maintained by and against persons, natural or artificial, that is, individuals or corporations. Moore & McGee v. Burns & Co., 60 Ala., 270. Unless otherwise pro-

vided by statute, a copartnership is not considered a person, and must sue and be sued by its members.   Dicy on Part., 169, rule 20;  Bates on Law of Part., secs. 1018, 1059;  Tunstall v. Wormly, 54 Texas, 476; Blackwell v. Reid & Co., 41 Miss., 103;  Dunham v. Schindler, 17 Ore., 256; Roberts v. Rowan, 2 Harr. (Del.), 314;  Harrison v. McCormick, 69 Cal., 621;  Moore & McGee v. Burns & Co., 60 Ala., 270;  Richardson v. Smith & Co., 21 Fla., 340;  Page v. Brant, 18 Ill., 38;  Revis v. Lamme Brothers, 2 Mo., 168;  Seely v. Schenk & Denise, Penn. (N. J.), 55;  Reid v. McLoed, 20 Ala., 576;  Kamm v. Harker, 3 Ore., 212;  Smith v. Canfield, 8 Mich., 493;  Burden v. Cross, 33 Texas, 685.

California, Iowa, Ohio, Nebraska, and Alabama, and perhaps other States, have statutes which authorize suits to be brought by or against copartnerships in their firm names.   The effect of such statutes is to give to the partnership recognition as "an entity or distinct legal person distinct from its members."   Bates on Law of Part., sec. 1059;  Newton v. Heaton, 42 Iowa, 593;  Fitzgerald v. Gimmell, 64 Iowa, 261;  Leach v. Milburn Wagon Co., 14 Neb., 106;  Whitman v. Keith, 18 Ohio St., 134; Moore & McGee v. Burns & Co., 60 Ala., 270.

Proceedings under such statutes are in the nature of proceedings in rem, and judgment can be entered only against the partnership, not against the individual members of the firm.   Bates on Law of Part., sec. 1064;  Wyman v. Stewart, 42 Ala., 163.   The rule that a copartnership must sue or be sued by its members is so universally recognized that there is no need for discussion.   The only statutory provisions in this State which bear upon the question are contained in the following articles of the Revised Statutes:

"Article 1224.   In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served."

"Article 1346.   Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served."

The familiar rule, that all partners who are jointly bound upon a partnership contract must be joined as defendants in a suit upon it, is not affected by the foregoing articles of our statutes.   Partnerships are not thereby invested with any of the characteristics of corporations, nor are they expressly or impliedly authorized to sue or be sued in their firm names, independently of their members.   If it were true that plaintiff sought in his petition to maintain his action against the firms as such, the failure to dismiss as to them would not prevent the judgment from being final, for the reason that the court could not enter judgment against such partnerships as such, and the setting up of their names as defendants

would not present any issue upon which the court could act. No issue remained undisposed of, because no issue could be made with a thing that has no legal existence.

Much stress is laid upon the allegations of the original petition, by counsel for defendant in error, and its allegations were referred to in the opinion of the Court of Civil Appeals; but it was expressly abandoned, and the amended original petition was substituted for all other pleading. The case was tried upon the amended petition, and to that alone we can look for the allegations which govern in this investigation. The amended petition does not purport to make the partnerships defendants, but declares explicitly against the individuals as defendants. The allegations subsequently made in the amendment as to the partnership, and of whom each was composed, were made with a view of bringing the case under articles 1224 and 1346 above quoted, and to show the liability of the defendants for damages occasioned by the levying of the writs of attachment in the three suits alleged to have been instituted in the names of the firms of Goldfrank, Frank & Co., B. Openheimer & Co., and Cohen & Koenigheim.

When the suit was dismissed as to the members of the firms of B. Openheimer & Co. and Cohen & Koenigheim, the court had no further jurisdiction of them, for the reason that they were in court only by means of these members of the copartnership, and went out of court with the members. In order to give the court jurisdiction to render judgment against the copartnership property of Goldfrank, Frank & Co. all of the members of the firm must have been parties to the suit, whether served or not. Burnett v. Sullivan, 58 Texas, 538.

When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings. In so far as the partnership was a party by reason of joining all of its members, it ceased to be a party when that joinder was destroyed by dismissing as to some of them, and it left A. B. Frank individually to answer instead of answering as a member of the firm of Goldfrank, Frank & Co.

It is unnecessary for us to consider the effect of the charges given by the court and those asked by each party, as well as the bill of exceptions reciting that all defendants had been dismissed, or the judgment nunc pro tunc, for it is evident that when the trial occurred there was not in the pleadings presented any issues except as between the plaintiff and the defendants A. B. Frank and F. H. Coleman, which were disposed of by the judgment of the court. The Court of Civil Appeals erred in holding that the judgment of the District Court was not a final judgment, and in dismissing the appeal.

Defendant in error presents the objection, that this court has no jurisdiction of this case, because there is no final judgment rendered by the Court of Civil Appeals. The court dismissed the appeal and adjudged the costs, which was a final judgment fully disposing of the case in that court, from which a writ of error could be granted.

It is further objected by defendant in error, that this court is without authority to direct the Court of Civil Appeals to reinstate the case on its docket. It is beyond doubt that this court has the authority to review the judgment of the Court of Civil Appeals dismissing the appeal; and while there is no direct provision of the statute for sending a mandate to that court, the authority to review the judgment of necessity carries with it the power to have the error corrected. There is no other way in which this can be done, except to remand the case to that court with directions to reinstate it.

It is ordered that the judgment of the Court of Civil Appeals dismissing this appeal and holding that the judgment of the District Court is not a final judgment be reversed, and that this cause be remanded to the Court of Civil Appeals for the Fourth Supreme Judicial District, with direction to reinstate the cause upon the docket of said court for trial upon its merits.

Delivered February 8, 1894.