Dickman, C. J.
The main question that claims our consideration is, whether the court of common pleas, by virtue of the affidavit which accompanied the filing of the petition of The New Philadelphia Pipe Works Company, on August 30, 1887, acquired jurisdiction and was authorized by law to issue the order of attachment against the property of the partnership firm of Samuel R. Bullock & Company. The action was commenced on the last named day against the defendants in their firm name and none other; and the affidavit in attachment alleged the following facts, and none other: “Ezra Nicholson, being duly sworn, says that he is the secretary and treasurer of The New Philadelphia Pipe Works Company, an incorporated company under the laws of the state of Ohio; *312 that the claim sued upon in the action is upon a contract for an amount of water pipe sold and delivered to said Samuel R. Bullock & Company, a partnership formed for the purpose of doing business in Ohio; that said claim is just, and that affiant believes that the said New Philadelphia Pipe Works Company ought to recover $29,947.04, and interest from August 20,1887; that the defendants are non-residents of the state of Ohio.” The record discloses that the partnership was composed of Samuel R. Bullock and William S. Mercer, and that neither of the individual members of the firm resided in Ohio at the time the order of attachment was issued.
Section 5011, of the Revised Statutes, provides that: “A partnership formed for the purpose of carrying on a trade or business in this state, or holding property therein, may sue or be sued by the usual or ordinary name which it has assumed, or by which it is known; and in such case it shall' not be necessary to allege or prove the names of the individual members thereof.”
By section 5042, of the Revised Statutes, regulating the manner of service and return of summons, it is provided that: “The service shall be by delivering, at any time before the return day, a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence, or, if the defendant is a partnership sued by its company name, by leaving a copy at its usual place of doing business.”
And under section 5521, of the Revised Statutes, among the grounds upon which an attachment may issue, the plaintiff, in a civil action for the recovery of money may, at or after the com *313 mencement thereof — if the claim is a debt or demand arising upon contract, judgment or decree — • have an attachment against the property of the defendant,- “when the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this state.”
In view of these statutory provisions, the validity of the attachment called in question must evidently depend upon whether the partnership of Samuel R. Bullock & Company, sued by the firm name only — neither of its members then residing’ in Ohio — was a “defendant non-resident of this state” at the time the order of attachment was issued, within the meaning of the language of the statute.
The privilege extended by the statute to sue a partnership by the usual or ordinary name which it has assumed, or by which it is known, is not to be confined to such as may be formed within this state for the purpose of carrying on a trade or business, or holding property herein. Indeed, a partnership may be formed in another state for accomplishing the same purpose in this state; its component members may all reside in the state where it is formed, and if it does business in this state, it may be sued by its company name, and served by leaving a copy of the summons at its usual place of doing business in this state. It may be thus sued and thus served, irrespective of the residence of those who compose it. ■
The fact, however, that such partnership engages in business in this state, that it may be sued in the company name, and that it may be served by leaving a copy of the summons at a prescribed place, are not the sole factors for fixing and determining its residence when it is sought to reach its *314 property by attachment for the benefit of its creditors. The members of a partnership do not form a collective whole, distinct from the individuals composing it; nor are they collectively endowed with any capacity of acquiring rights or incurring obligations. The rights and liabilities of a partnership are the rights and liabilities of the partners. 1 Lind. Part., 5. It is not a creation in which the identity of the individual members is merg’ed and lost, in seeking- to enforce against them the obligations of the firm.
A partnership is not, in our judgment, a legal entity, having, as such, a domicile or residence separate an d distinct from that of the individuals who constitute it. To what extent residence may be affirmed of a partnership as such, was considered by the court in Fitzgerald v. Grimmell, 64 Iowa, 261. In the dissenting opinion there is much force, and we cite the same with our concurrence : , ‘‘Residence,’’ says Adams, J., “in my opinion can be predicated only of a person natural or artificial. A partnership, as distinguished from the members composing it, is neither. Besides, it appears to me that, in any view, the mere fact that a partnership maintains for the transaction of its business, an established agent in a county where neither partner resides, cannot constitute the partnership a resident of such county. There is no pretense that an individual would become a resident of a county by merely transacting business therein through an established agent, and I am not able' to see that a different rule should be applied to a partnership.”
A principal reason for authorizing a suit against a partnership by its company name, to wit, the inability oftentimes to find out the names. of con *315 stituent partners, is applicable alike to domestic and foreign partnerships. In view of such inability —more apt to arise where the partners all reside in another state — the statute specifically provides, that when a partnership is sued by its usual or ordinary name, “it shall not be necessary to allege or prove the names of the individual members” of the firm. Whether the partnership was formed in this state or in another state, the names of the individual members are not required to be alleged ; and whether a defendant partnership should be deemed a non-resident of the state in an attachment of its property on the ground of non-residencé, should depend upon the fact of the non-residence of the constituent members, and not upon the mere mention of names of those who constitute the firm. It being conceded, that the first attachment in favor of The New Philadelphia Pipe Works Company, would have been valid, if the proceeding had been against Samuel R. Bullock and William S. Mercer, partners, as Samuel R. Bullock & Company, with an accompanying affidavit that the defendants were non-residents of Ohio, the failure to allege the individual names of the partnership, should not, we think, render the attachment invalid, when the affidavit states the fact that the defendants were nonresidents of the state, and the statute renders it unnecessary to set forth the names of the partners. As an attachment mayissueon the ground that the defendant is a non-resident of the state, it would seem to be the policy of the law, when the defendants reside in a foreign jurisdiction, and their names are unknown to the plaintiff, and they are doing business in this state under a partnership name, that creditors might protect their rights by attachment proceedings against the defendants in *316 the name by which they elect to hold themselves out to the public, and obtain credit.
It may perhaps be urged, that although the individual partners composing a firm reside in another state, the partnership is to be deemed resident in a state where it has a "usual place of doing business.” But, the statute in prescribing the manner of service and return of summons, recognizes both a place of residence and a place of business. And the one is not to be regarded as identical with the other. A person or a number of persons may be domiciled or reside in one state and have an agent and place of doing business in another, even as a corporation domiciled within the state by which it was created, may have its agent and a usual place of doing business in another state. The principal action may exist, and the partnership, under the company name, maj^ be brought into court through actual service by leaving a copy of the summons at its usual place ofo business, while an ancillary proceeding by attachment to secure the rights of creditors, may be sustained by reason of the fact of non-residence ; and when the attachment issues, it is not necessary that there should be constructive service on the defendants by publication, but there may be service of process at the usual place of business which they have established in this state. Smith v. Hoover, 39 Ohio St., 249.
It follows, from the foregoing considerations, that the affidavit upon which the first attachment was issued in favor of The New Philadelphia Pipe Works Company, was adequate to give the court jurisdiction to issue the attachment, and thereby acquire jurisdiction over the property.
*317 Subject therefore to the liens for costs as adjudged by the circuit court, the claims of the laborers represented by H. T. Van Fleet, should be .held valid liens and'first in order of priority upon the property taken in attachment; but, subordinate to such claims, the judgment in favor of The New Philadelphia Pipe Works Company should be the next best lien upon the property attached, or upon the funds derived from its sale.
The first attachment by The New Philadelphia Pipe Works Company being deemed valid upon the facts set forth in the record, it becomes up-necessary to consider, whether objections to the attachment that may be taken advantage of by the defendants, Samuel R. Bullock & Company, can also'be available to other creditors of those defendants.
The judgment of the circuit court should be reversed, and judgement rendered for the creditors of Samuel R. Bullock & Company in accordance' with the priorities of lien as stated in this opinion.

Judgment accordingly.