CIRCUIT COURT FOR CLACKAMAS COUNTY, AT CHAMBERS, AUGUST, 1870.

## JOHN MYERS, APPELLANT, v. ARTHUR WARNER, RESPONDENT.

CONTESTED ELECTION.—SPECIAL PROCEEDINGS.—In a special proceeding, to contest an election, under sections 37 and 38 of the act relating to elections, the notice is the commencement of the proceeding, and the court acquires jurisdiction by its service and return.

---

JURISDICTION.—The court has no jurisdiction to hear any motion in the case until the return.

NOTICE.— A notice that does not state a definite time for the hearing is of no avail.

IDEM.—When the time stated is "at the next term of the circuit court of said county, or as soon as said judge will hear the same," the indefinite words may be rejected as surplusage.

JUDGE AT CHAMBERS.—The purport of the words the judge "shall make all necessary orders for the trial of the case and carrying his judgment into effect," is to give the judge at chambers power to do whatever the court could do in term time.

TIME OF HEARING.—The plaintiff having named a day for the hearing, his motion for an earlier day was denied.

THIS is a special proceeding under the statute, to contest an election to the office of sheriff of Clackamas County. The plaintiff having fixed in his notice a time for the trial, moves for an order setting an earlier day for the hearing of the cause. The facts appear in the opinion.

*Kelly & Reed* and *Lansing Stout*, for the plaintiff.

*Johnson & McCown*, for the respondent.

UPTON, J. In this case the plaintiff proceeds under the statute found on page 707 of the code, to contest the election to the office of sheriff of Clackamas County. The case is brought before the circuit court, at chambers, on the plaintiff's motion for an order that the case be heard at an earlier time than that specified in the notice.

The statute by which the proceeding is authorized is as follows :

Sec. 37. "Any person wishing to contest the election of any person to any county, district or precinct office, may give notice, in writing, to the person whose election he intends to contest, that his election will be contested, stating the cause of such contest briefly, within thirty days from the time said person shall claim to have been elected."

Sec. 38. "Said notice shall be served in the same manner as a summons, ten days before any hearing upon such contest as herein provided shall take place, and shall state the time and place that such hearing shall be had ; upon the return of such notice served, to the county clerk of such county, he shall thereupon enter the same upon his issue

docket as an appeal case, and the same shall be heard in its order by the court; *provided*, that if the case cannot be determined by the circuit court, in term time, within one month after the termination of such election, the judge of the circuit court may hear and determine the same at chambers, as soon thereafter as may be practicable, and shall make all necessary orders for the trial of the case and carrying his judgment into effect; *provided*, this section shall not apply to precinct officers."

The notice by which this proceeding was commenced states the time and place of hearing, as follows:

"You are also notified that the above matter in contest will be heard before Hon. W. W. Upton, at the court house, in Oregon City, in said Clackamas County, at the next term of the circuit court for said county, or as soon as said judge will hear the same, as provided by law in such cases.

"Dated June 17, 1870."

The defendant being required to show cause why the motion should not be granted, claims:

First, that the notice is defective and void, because it states the time of the hearing in the alternative.

And secondly, that the defendant cannot be required to appear and try the cause at a time earlier than that specified in the notice.

The notice is the commencement of the proceeding. It is in the nature of original process, and the court acquires jurisdiction by its services and return.

This being a special proceeding in which the court acquires jurisdiction in a mode specially pointed out by the statute, and not by the ordinary process of the court, the mode so prescribed must of course be strictly pursued, or the proceeding is void.

Hence, a notice that does not state a definite time for the hearing is of no avail, it being one of the requisites of the notice that it should "state the time and place."

If a notice of proceeding of this kind should state that the contest would be heard upon one or the other of two designated days, the notice would be fatally defective. But where a definite day is named, and an indefinite alternative

is also referred to, for instance, by adding "or as soon thereafter as the same can be heard," the indefinite words are often rejected as surplusage.

If in this notice the indefinite words are rejected as surplusage, the time stated is "at the next term of the circuit court for said county," and may be construed to mean the next term appointed by statute. If the notice is so construed, the time is named with sufficient certainty, and the first objection is obviated.

But the second objection presents a more serious obstacle to the proposed order.

It was argued that the language of the statute which gives the judge at chambers power to "make all necessary orders for the trial of the cause and carrying its judgment into effect," is sufficiently comprehensive to include this order.

I am satisfied that the purpose of that clause is to give to the judge at chambers power to do whatever the court could do in term time. By the terms of this clause power is conferred on the judge and not on the court. It authorizes only orders necessary for the trial of the cause, or for carrying the judgment into effect. That is, such orders as the court could make if in session, because a court having power to try a cause may make all orders necessary for the trial. The context also indicates this purpose.

It would be a forced construction to hold that the legislature intended, by this language, to confer on the judge power to do what it would not be proper for the court to do if in session.

The real question is whether the court, or the judge acting in place of the court, can require the defendant to appear and try the cause at a time earlier than that stated in the notice.

I am not aware of any case under the statute in which a similar question has arisen.

Reference has been made to the cases tried in Clackamas County in 1868, but this question did not arise in either of those cases.

In one or more of those cases, and also in this case, application was made before any notice was served, to the

circuit judge, to have a time set for the hearing. Both in the cases tried in 1868 and in this case, the judge declined to make any order before the notice was served, on the ground that the court has no jurisdiction of the cause, and the judge has no power to make any order in such a case until the time of the hearing is appointed by the plaintiff, and stated in the notice and the notice served. In this case, and in those cases also, the judge expressed to the counsel for the plaintiff making the application, that he was willing to attend at Clackamas County and hear the cause as soon as the jury cases then pending at the June term of the court in Multnomah County should be disposed of.

In the cases tried in.1868, the·plaintiffs named the 6th of July for the hearing, but the jury cases in Multnomah not being concluded at that time, the hearing was continued until the 16th of July, at which time the trial was brought on.

This case differs from those above referred to in this particular; in those cases each of the plaintiffs, in his notice, named an early day for the hearing, and the time of the hearing was postponed; in this case, the plaintiff, in his notice, named, as the time for the hearing, the next term of the court (that being the fourth Monday in October), and it is now proposed to take the case up for trial at an earlier day.

It was a first impression that this difficulty might be obviated by calling a special term, inasmuch as the notice named "the next term" as the time for the hearing; but it it is a fatal objection to that solution, that unless the notice is construed to name a known and certain time, the notice will be void for uncertainty. It must be construed as referring to the term already appointed, or it is insufficient as a notice.

One of the controverted points in this connection is the construction of the word "thereafter" in the proviso above quoted. If it refers to the period, one month after the election, as is claimed by the plaintiff, it does not follow that if the plaintiff names a day of hearing later than that moved for, the case can be taken up before the time appointed by himself. If that is the proper construction of the statute, I

think the act of appointing a later day is a waiver of any claim to an earlier hearing. It is not very clear whether the statute is to be construed to mean, after that period, or after the time stated for the hearing, or after a term of the court. Under either construction, to order an earlier day would be inconsistent with that part of the statute which requires the original notice to state the time. It would of course necessitate a new notice of the time, and yet it is necessary to the jurisdiction, that the time of the hearing should be stated in the original notice. This is a different proposition from that of continuing a cause.

The language of the proviso is sufficient, I think, to authorize the judge, if the case cannot be heard in term time within a month, to hear it as well after the day named in the notice as on that day. But it is at least very doubtful whether the court or judge is authorized to compel the defendant to appear before the time stated in the notice.

No authority was cited on the argument presenting a case where such an order has been made, and, after considerable search, I am unable to find a case where a defendant has been required to appear at an earlier day than that named in the original process or notice served upon him.

The notice is in the nature of a summons. The plaintiff need not return it or file it with the clerk until the day named for the hearing, and the court has no jurisdiction of the case for any purpose until it is filed with the clerk.

I cannot think that the statute is intended to authorize a party to name the day of hearing, and afterwards have an exclusive right to move for an earlier day. Until the plaintiff chooses to return the notice, the defendant cannot be heard on such a motion, for the court has no jurisdiction to hear any motion in the case until the return.

It seems to me an unreasonable construction, and one not warranted by the language of the statute, to hold that the party who is required to name the time of the hearing in his original notice can, without any new cause shown, have an order naming another and earlier time.

The motion should be denied.